317 P.2d 545

**BENTSON CONTRACTING COMPANY, a corporation, Appellant,**

v.

**Charles A. LEWIS, Jr., Appellee.**

No. 6173.

Supreme Court of Arizona.

Oct. 22, 1957.

There has been presented for our consideration an appeal from the judgment in this case by the defendant-appellant herein and a cross-appeal by the plaintiff-appellee. The parties will hereafter be referred to as plaintiff and defendant.

The facts are that defendant Bentson Contracting Company through its president Kenneth Bentson in the latter part of November, 1952, by oral agreement with plaintiff, employed him as manager of a branch office of the Bentson Contracting Company at Casa Grande, Arizona. The salary agreed upon was $700 per month. Plaintiff alleges he was to receive a commission up to $15,000 on the total gross business transacted per annum if the business totaled one million dollars. Defendant denied this. Plaintiff alleged he was permanently employed and was to have full authority over said branch office, etc. Defendant also denied this.

The evidence of both Lewis and Bentson relating to that portion of the agreement with which we are concerned here, i. e., relative to the temporary or permanent character of the employment, we believe to be in substantial accord. We will hereinafter more fully state these facts.

Moore & Romley, Phoenix, for appellant.

Gust, Rosenfeld, Divelbess, & Robinette, Phoenix, for appellee.

PHELPS, Justice.

The court, at the conclusion of the trial, took the matter under advisement and thereafter in his order for judgment specifically found as findings of fact: (1) that a salary of $700 per month plus a commis-

sion was to be paid under the terms of the oral employment agreement, (2) that the work of plaintiff was to be satisfactory to defendant, (3) that both parties desired permanency but that no particular period was specified in the contract, and (4) that defendant acted honestly and in good faith in letting plaintiff go. The court recognized that such findings would normally require judgment for defendant, but did not so conclude as a matter of law.

The trial court decided that there should be a reasonable minimum period of employment or compensation of three months. On that basis it then proceeded to render judgment for plaintiff in the amount of $933.34 based upon three months' pay at $700 per month or $2,100 less $1,166.66, the amount which the evidence disclosed had already been received by plaintiff as compensation for the period of time he did work prior to discharge.

Defendant on its appeal asserts that the court erred in rendering judgment for plaintiff and that under the facts, and facts found by the court, judgment should have been entered for defendant.

Plaintiff on its cross-appeal asserts: (1) that the court erred in entering judgment for plaintiff for $933.34 only, claiming that the court found the issues in favor of plaintiff and therefore should have found for plaintiff in the sum of $8,400; and (2) that

if the order for judgment constituted valid findings of fact and conclusions of law that it erred because none of said findings were sustained by the evidence.

We agree with counsel for defendant that the court erred in rendering judgment for the plaintiff in the sum of $933.34 under the findings of fact made by the court. We have carefully read and re-read the transcript of the evidence relating to the terms of the oral agreement between plaintiff and defendant and find that it fully supports the court in all of its findings of fact. The court made no conclusions of law in this case based upon any findings of fact, but contrary to the extensive argument of counsel for plaintiff, the court did make very definite and specific findings of fact on all material facts in the case and, as above stated, they are fully supported by the evidence.

■ The court, however, committed reversible error when it undertook to enter the field of equity and say that under the circumstances plaintiff was entitled to recover three months' salary. There is nothing either in the findings of fact or in the transcript of the evidence that could possibly warrant this. It amounts to writing into the contract a new clause not supported by any evidence.

We believe that we have already met all of plaintiff's assignments of error. The

only question involved in this case is whether defendant was legally justified in terminating plaintiff's contract when it did. Plaintiff's own testimony refutes the theory that he was permanently employed by the terms of the contract. He said:

"The job was to last as long as there was a going operation there and *as long as I was doing a reasonably* good job and was able to do the job." (Emphasis ours.)

again he said:

" * * * he wanted a permanent set up down there, he wanted to put a man in that he could have as long as a man was doing a reasonably good job, why, he wanted a man there from then on. He wanted a permanent man. He didn't want a temporary man or a man on a trial basis."

and again he said:

"It was understood that as long as that operation continued to exist down there, as long as I was doing a reasonably good job and was able to do a good job, physically able to do a good job, why, then I was to manage that company, I had a job."

Kenneth Bentson, president of defendant corporation, testified to substantially the same thing. He said the employment was to last as long as plaintiff's work was generally good; as long as he did a reasonably good job of management.

The evidence would have justified the trial court in finding that plaintiff's work was not satisfactory to defendant; that he was not doing a reasonably good job; that on various occasions he was away from the office and unable to be reached by the Casa Grande of Phoenix offices for one to four hours at a time; that he would hold frequent conferences with key men lasting from thirty minutes to two hours which were repetitious; that all of the key men in the Casa Grande office were threatening to quit; that they had no respect for his ability to handle the job; that after a conference he would issue instructions similar to statements made in conference requiring employees who received them to sign and return them; and that some of these instructions were meaningless.

We believe the finding of the trial court that defendant acted honestly and in good faith in discharging plaintiff is amply supported by the evidence. We further believe the trial court would have been justified in finding that defendant had good cause to terminate plaintiff's employment as above stated. We have held above that the court erred in entering judgment for plaintiff in any amount. As there stated, the court erred in writing into the contract something apparently never discussed by the parties and certainly never agreed upon between them.

Judgment reversed with instructions to the trial court to enter judgment for defendant.

UDALL, C. J., and WINDES, STRUCKMEYER, and JOHNSON, JJ., concurring.